```
 1 | A. Eric Bjorgum (State Bar No. 198392)
   | Marc A. Karish (State Bar No. 205440)
 2 | KARISH & BJORGUM, PC
   | 16 N. Marengo Ave., Suite 307
 3 | Pasadena, California  91101
   | Telephone: (213) 785-8070
 4 | Facsimile: (213) 995-5010
 5 | E-Mail: marc.karish@kb-ip.com
 6 | Attorneys for Plaintiff
   | S.P.E.P. ACQUISITION CORP.
 7 |
 8 |
 9 |           UNITED STATES DISTRICT COURT
10 |           CENTRAL DISTRICT OF CALIFORNIA
11 |
12 | S.P.E.P. ACQUISITION CORP., a  ) Case No. CV13-09237-ODW (JEMx)
   | California corporation,         )
13 |                                 ) APPLICATION FOR IN CAMERA
14 |         Plaintiff,              ) REVIEW RE MOTION FOR
   |                                 ) DEFAULT JUDGMENT AND
15 | vs.                             ) SUPPORTING PAPERS
16 |                                 )
   | DOUGLAS TRAILER SUPPLY          )
17 | COMPANY, LLC, a Georgia Limited ) Date: March 17, 2014
   | Liability Company; and DOES 1 – 10, ) Time: 1:30 p.m.
18 | inclusive,                      )
   |                                 ) Place: Courtroom 11 (Spring St.)
19 |         Defendants.             ) Judge: Hon. Otis D. Wright II
20 |                                 )
21 |                                 )
```

FILED 2014 FEB 13 PM 2:40 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

ORIGINAL

1                                                       APPLICATION FOR IN CAMERA REVIEW

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PURSUANT TO Local rule 79-5.1, Attorneys for Plaintiff S.P.E.P. Acquisition Corp. hereby apply for an Order requiring that follow documents be reviewed *in camera* only, although versions without proprietary information can be filed in a redacted format:

    1. Notice of Motion and Motion for Default Judgment;
    2. Declaration of Larry Mirick in Support of Plaintiff's Motion for Default Judgment;
    3. Declaration of A. Eric Bjorgum in Support of Plaintiff's Motion for Default Judgment;
    4. Declaration of Alphy Clemente in Support of Motion for Default Judgment;
    5. Application for In Camera Review;
    6. Proposed Order re Application for In Camera Review and Proposed Order re Motion for Default Judgment.

This Application is made because the items identified above contain pricing and sales information that is highly confidential. Plaintiff cannot reveal that information to the public or to Defendant. As the situation presently stands, Defendant has not responded to a cease and desist letter or to the Complaint in this matter and does not appear to be at all trustworthy.

This information is highly confidential for two reasons. First, one of the products at issue, the W412, is very important to S.P.E.P. and sells thousands of units per month. (Declaration of Alphy Clemente ("Clemente Decl."), ¶ 4; Mirick Decl. ¶ 7.) Sales were cut nearly in half in the years following the introduction of Defendant's competing product. The Court should provide the maximum possible protection to S.P.E.P. so that it is not further damaged by Defendant's conduct.

Second, Plaintiff's pricing information is very sensitive because this is a large volume, low cost product. A few cents in either direction are important. (Clemente Decl., ¶ 3.) In fact, Plaintiff has every reason to believe that if Defendant were in possession of Plaintiff's confidential information, it would wrongfully use or disclose such information.

Finally, Plaintiff requests that, if the Court refuses to review these documents in camera, the Court return the documents to Plaintiff unfiled. Plaintiff would rather re-file its motion for default judgment with different (and limited) financial support than have these figures made public. Plaintiff will also bring its CEO to the hearing so that he can provide any testimony required by the Court.

Indeed, we do not yet know how Defendant will respond to the Motion for Default Judgment. If Defendant responds with its sales information, the Court will have additional information to consider and this evidence of Plaintiff's sales may not be so crucial. However, right now, the most reliable evidence of lost sales comes from Plaintiff's sales and pricing information.

Plaintiff has sent correspondence to both the office address (on Madison Avenue North) and home address (on North Chester Ave.) of Defendant. On February 12, Plaintiff received a returned Federal Express package to the office address on Madison Ave. N. in Douglas, Georgia, stating that Douglas Trailer was "not at this address." Plaintiff had used this address for service of process and also for correspondence. Plaintiff's counsel had been assured by sales representatives that this was the correct address. (Bjorgum Decl., ¶ 2.) Nevertheless, Plaintiff had also sent correspondence to the Chester Ave. address in Douglas, Georgia to notify Defendant of the default judgment.

Plaintiff will now send a full set of papers for this motion to the address on Chester. Plaintiff has now sent both a letter detailing damages and a copy of the redacted default judgment papers filed with the Court on February 7, 2014.

### Conclusion

For the foregoing reasons, Plaintiff requests that the Motion for Default Judgment be reviewed only in camera in unredacted form. Plaintiff will file a redacted version with the pricing information redacted.

Respectfully submitted,

Dated: February 12, 2014      KARISH & BJORGUM, PC


/s/ A. Eric Bjorgum
A. Eric Bjorgum
Attorneys for Plaintiff
S.P.E.P. ACQUISITION CORP.